IN THE SUPREME COURT OF THE STATE OF DELAWARE

TYREE LOCKETT, § 
§ No. 519, 2018
Defendant Below, § 
Appellant, § Court Below: Superior Court of the
§ State of Delaware
v. § 
§ Cr. ID No. 1803019970 (K)
STATE OF DELAWARE, § 
§ 
Plaintiff Below, § 
Appellee. § 

Submitted: December 21, 2018
Decided: January 28, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

Upon consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1) Following his June 2018 indictment for seven offenses, the appellant, Tyree Lockett, entered into a guilty plea on September 12, 2018 to attempted first-degree rape and two counts of endangering the welfare of a child. In exchange for Lockett's guilty plea, the State dismissed the other charges in the indictment and agreed not to seek habitual offender sentencing, even though, as part of the plea agreement, the parties stipulated that Lockett was eligible for such sentencing under 11 *Del. C.* § 4214(b). After an extensive colloquy, the Superior Court Judge found

Lockett's plea to be knowing and voluntary and imposed the agreed-upon sentence recommended by the parties. For attempted first-degree rape, the Superior Court sentenced Lockett to fifty years of Level V incarceration suspended after thirty years—fifteen years minimum mandatory—for one year of Level IV work release and three years of Level III probation. For the two counts of endangering the welfare of a child, the court imposed a total of two years of Level V incarceration suspended for two years of concurrent probation.

(2) On appeal, Lockett's appellate counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Lockett's counsel asserts that, based upon his complete and careful examination of the Superior Court record, there are no arguably appealable issues. In his attorney statement filed with the no-merit brief and motion to withdraw, Lockett's counsel indicates that he provided Lockett with a copy of the motion to withdraw, the Rule 26(c) brief and appendix in draft form, and a letter explaining that Lockett had a right to submit written points for the Court's consideration. Lockett has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), we must be satisfied that the appellant's counsel has made a

conscientious examination of the record and the law for arguable claims.[1]  Also, we must conduct our own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(4)    Having carefully reviewed the record, we conclude that Lockett's appeal is wholly without merit and devoid of any arguably appealable issue.  We are satisfied that Lockett's counsel made a conscientious effort to examine the record and the law and properly determined that Lockett could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson v. Ohio*, 488 U.S. at 81.